# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CLARENCE JOHNSON,                )
                                )
        Plaintiff,           )
                                )
v.                            )      No. 4:13-CV-1240-JAR
                                )
EMERSON ELECTRIC CO., d/b/a    )
FUSITE; SCROLL COMPRESSORS LLC, )
and SENSATA TECHNOLOGIES, INC.,   )
                                )
        Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand [Doc. No. 13] and Motion Seeking Venue-Related Discovery Subject to Motion to Remand. [Doc. No. 20] The motions are fully briefed and ready for disposition.

**Motion to Remand**

On June 21, 2013, Plaintiff filed his original Petition in this products liability action in the Circuit Court of St. Louis County, Twenty-First Judicial Circuit, naming Defendants Emerson Electric Co., d/b/a Fusite ("Emerson"), Scroll Compressors LLC ("Scroll"), and Sensata Technologies, Inc. ("Sensata"). (Petition, Doc. No. 1-3) Plaintiff is a resident and citizen of Texas. (Id., ¶ 5)  Emerson is a corporation organized under the laws of Missouri with its principal place of business in Missouri. (Id., ¶ 1) Scroll is a limited liability company with its principal place of business in Ohio. (Notice of Removal, Doc. No. 1, ¶ 3.a.) Sensata is a corporation with its principal place of business in Massachusetts. (Petition, ¶ 4) Scroll filed a notice of removal on June 28, 2013, based on diversity of citizenship of the parties, 28 U.S.C. §§1332, 1441(a). (Doc. No. 1) Plaintiff filed his motion to remand pursuant to the "forum

defendant rule," 28 U.S.C. § 1441(b)(2)[1], arguing this Court lacks jurisdiction because he named Emerson, a Missouri defendant. Scroll and Sensata maintain the forum defendant rule does not apply because Emerson was not served at the time of removal.[2]

**Legal Standard**

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Madderra v. Merck Sharpe & Dohme Corp., 2012 WL 601012, at *1 (E.D.Mo. Feb. 23, 2012) (quoting Manning v. Wal–Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo.2004)). The party seeking removal and opposing remand has the burden of establishing jurisdiction by a preponderance of the evidence. Id. (citing Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir.2009)). See also Nicely v. Wyeth, Inc., 2011 WL 2462060 at *2 (E.D.Mo. Jun. 17, 2011).

28 U.S.C. § 1441(b) makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff. Brake v. Reser's Fine Foods, Inc., 2009 WL 213013, at *1 (E.D. Mo. Jan. 28, 2009) (citing Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir.1992) (referencing the 28 U.S.C. § 1441(b) limitation on defendants in the forum State)). Under § 1441(b), a defendant can remove a case based on diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005); Horton

---

[1] The forum defendant rule reads:

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title many not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

[2] In removal cases, the Court reviews the complaint pending at the time of removal. Atkison v. Steak' N Shake of Hampton, Inc., 2006 WL 208601, at *3 (E.D. Mo. Jan. 25, 2006).

v. Conklin, 431 F.3d 602, 604 (8th Cir.2005) (quoting 28 U.S.C. § 1441(b)); Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir.1981) (28 U.S.C. § 1441(b) "further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought"). Federal courts lack diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. Hinkle v. Norfolk Southern Ry., 2006 WL 2521445, *2 (E.D.Mo. Aug. 29, 2006) (citations omitted). "[T]he violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.' " Horton, 431 F.3d at 605 (quoting Hurt v. Dow Chemical Co., 963 F.2d 1142, 1146 (8th Cir.1992)).

**Discussion**

The issue for the Court's determination is whether, under the "forum defendant rule," this case should be remanded because Plaintiff had named but not served a Missouri citizen. Plaintiff argues Scroll engaged in "legal gamesmanship" by effecting pre-service removal of this action in violation of the legislative intent related to removal jurisdiction, and urges the Court to adopt the holdings of Perez v. Forest Laboratories, Inc., 902 F.Supp. 2d 1238 (E.D. Mo. 2012), and the companion cases of Hernandez v. Forest Laboratories, Inc., 4:12-CV-321-RWS (E.D. Mo. Feb. 23, 2012), and Fisher v. Forest Laboratories, Inc., 4:12-CV-322-RWS (E.D. Mo. Feb.22, 2012). Plaintiff contends these cases highlight a "doctrinal shift" away from strict adherence to the plain language of the "joined and served" requirement of § 1441(b) and towards a rule disallowing pre-service removal. (Doc. No. 14, pp. 4-5)

Defendants respond that federal courts in Missouri and this District, as well as courts throughout the country, have found this type of removal permissible and not in violation of the forum defendant rule. See e.g., Terry v. J.D. Streett & Co., 2010 WL 3829201, at *2 (E.D.Mo.

Sept. 23, 2010) (denying remand when case was removed five days after filing; "[c]ases in this Court have held that the "Court must apply the statute as it is written, and not as plaintiffs maintain it is intended"); Taylor v. Cottrell, Inc., 2009 WL 1657427, at *2 (E.D.Mo. June 10, 2009) (denial of motion to remand in case removed four days after filing; "The Missouri citizen…was not served at the time of removal. Thus, the limitation on removal in section 1441(b) does not apply."); Brake, 2009 WL 213013, at *3 (The Missouri residents … were not served at the time of removal. Thus, the limitation on removal in § 1441(b) does not apply. As held by the "majority" of federal courts, this Court must apply the statute as written and determine that Defendants properly removed this action and § 1441(b) does not provide a basis for remand."); and Johnson v. Precision Airmotive, LLC, 2007 WL 4289656, at *6 (E.D. Mo. Dec. 4, 2007) ("This Court must apply the statute as written, and not as plaintiffs maintain it is intended. This holding is consistent with the majority of cases that have recently confronted this very issue."). (Doc. No. 26, p. 5-8) See also, Wallace v. Tindall, 2010 WL 1485714, *1-2 (W.D. Mo. April 13, 2010) ("Courts have stated that 28 U.S.C. § 1441(b) must be applied as written and not as the plaintiffs would like the statute to read. Because the statute states "properly joined and served" this is how it must be applied."). (Doc. No. 26, pp. 5-8)

Moreover, the cases relied on by Plaintiff are distinguishable. (Id., pp. 12-13) In Perez, the court's opinion and commentary was directed at concerns about defendants electronically monitoring state court dockets. "Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving. When the 'joined and served' language was added to Section 1441(b) in 1948, 'Congress could not possibly have anticipated the tremendous loophole that would  one day manifest from technology

4

enabling forum defendants to circumvent the forum defendant rule by … electronically

monitoring state court dockets.' '' 902 F.Supp.2d at 1243 (quoting Sullivan v. Novartis Pharms.

Corp. 575 F.Supp. 2d 640, 645-46 (D.N.J. 2008)). In this case, however, Defendants assert that

Scroll's notice of removal was not triggered by some "hawking" of electronic filings, and was

filed only after Plaintiff provided it with a courtesy copy of the petition. (Id., pp. 13-14)

Defendants point out that Plaintiff could have triggered the operation of the forum defendant rule

by serving Emerson immediately after filing his complaint on June 21, 2013, but failed to do so.[3]

(Id., p. 14) (citing Bolin v. SmithKline Beecham Corp., 2008 WL 3286973, at *2 (S.D. Fla. Aug

7, 2008) ("[P]laintiffs can control the situation [of removal by a non-resident defendant] by

attempting immediate service upon a forum defendant when filing such a case in state court.")).

In the companion cases of Hernandez and Fisher, the plaintiffs named Forest

Laboratories, an out-of-state defendant, and Forest Pharmaceuticals, a Missouri defendant. Forest

Laboratories removed the actions without either defendant being served. Relying on Pecherski v.

General Motors Corp., 636 F. 2d 1156 (8th Cir. 1981), the Court raised the propriety of removal

*sua sponte*, ordering remand and noting the gamesmanship of the pre-service removal by Forest.

Hernandez, No. 4:12CV321, Doc. No. 12, at 3 n. 3; Fisher, No. 4:12CV322, Doc. No. 13, at 3 n.

3 (internal citations omitted). In Pecherski, the court held that removal jurisdiction was improper

because the removing defendant had failed to establish diversity between the plaintiff and a Jane

Doe defendant. 636 F.2d at 1161. Pecherski did not address the issue before this Court, that is,

whether the forum defendant rule prevents removal of a case where complete diversity exists but

a forum defendant has not been properly served. (Doc. No. 26, p. 13) Defendants maintain that

---

[3] Scroll removed the case to this Court on June 28, 2013. Plaintiff served Emerson on July 17,
2013, the same day he filed the instant motion to remand.

the "service issue" and the "diversity of parties" issue are separate, citing Johnson, 2007 WL 4289656 at *5. (Doc. No. 26, p. 13)

Because orders remanding cases are generally not appealable, there is no circuit court authority directly on point to guide district courts. Howard v. Genentech, Inc., 2013 WL 680200, at *4 n.3 (D. Mass., Feb. 21, 2013); Campbell v. Hampton Roads Bankshares, Inc., 2013 WL 652427, at *4 n. 12 (E.D.Va. Feb. 19, 2013); Goodwin v. Reynolds, 2012 WL 4732215, at *3 (N.D. Ala. Sept. 28, 2012). As a result, there are splits within district courts, including this one. Most courts addressing this issue seem to agree that the plain meaning of § 1441(b) allows removal by a non-forum defendant prior to service on a forum defendant, but disagree as to whether that plain meaning must be followed, or whether the result is "so obviously contrary to congressional purpose that the bar to removal should nevertheless apply." Howard, 2013 WL 680200, at *4.

Some courts have found that the "properly joined and served" language in § 1441(b) plainly allows a non-forum defendant to remove a case before service on a forum defendant. Id. (citing In re Diet Drugs Prods. Liab. Litig., 875 F.Supp.2d 474, 477–78 (E.D.Pa.2012); Carrs v. AVCO Corp., 2012 WL 1945629, at *3 (N.D.Tex. May 30, 2012); Regal Stone Ltd. v. Longs Drug Stores California, L .L.C., 881 F.Supp.2d 1123, 1126 (N.D.Cal. 2012); Watanabe v. Lankford, 684 F.Supp.2d 1210, 1219 (D.Haw. 2010); Ripley v. Eon Labs, Inc., 622 F.Supp.2d 137, 141–42 (D.N.J. 2007)). Some have allowed removal even by a forum defendant prior to service. Id. (citing Munchel v. Wyeth LLC, 2012 WL 4050072, at *4 (D.Del. Sept.11, 2012); Thomson v. Novartis Pharms. Corp., 2007 WL 1521138, at *4 (D.N.J. May 22, 2007). Others have looked past the statute's plain meaning to decline removal by a non-forum defendant prior to service on any defendant generally, id. (citing Snider v. Sterling Airways, Inc., 2013 WL

159813, at *1 (E.D.Pa. Jan.15, 2013); Perez, 2012 WL 4811123, at *6 (E.D.Mo. Oct. 10, 2012), and specifically prior to service on a forum defendant. Swindell–Filiaggi v. CSX Corp., 2013 WL 489015, at *1 (E.D.Pa. Feb. 8, 2013).

The Court acknowledges the division of authority and the well-reasoned cases for both positions; however, the Eighth Circuit is clear that absent some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language. See U.S. v. Union Electric Co., 64 F.3d 1152, 1165 (8th Cir. 1995) ("When the language of the statute is plain, the inquiry also ends with the language of the statute, for in such instances 'the sole function of the courts is to enforce [the statute] according to its terms.'") (quoting United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989)). Based on this principle of statutory interpretation, as well as the weight of case law addressing this issue, including in this District, this Court must apply the statute as written. Because the Missouri citizen, Emerson, was not served at the time of removal, the limitation on removal in § 1441(b) does not apply.

**Motion Seeking Venue-Related Discovery**

Plaintiff asks the Court to allow him to conduct venue-related discovery to determine if the State of Missouri is a proper forum for this case before ruling on Defendants' pending motions to transfer to the Northern District of Texas. (Doc. Nos. 10, 24) Scroll opposes Plaintiff's venue discovery motion, arguing that the majority of Plaintiff's requested discovery goes to the merits of the case, not venue, and seeks to establish facts which are undisputed. (Doc. No. 34, pp. 4-5)

**Legal Standard**

Generally, district courts have broad discretion in determining whether to grant limited discovery to explore jurisdictional facts (including venue). Virginia Innovation Sciences, Inc. v.

Samsung Electronics Co., Ltd., 2013 WL 831710, at *8 (E.D. Va. Mar. 6, 2013) (citing Mylan

Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993)); 6 Moore's Federal Practice, §

26.41[11][c] (Matthew Bender 3d ed.). See also Kron Medical Corp. v. Groth, 119 F.R.D. 636,

638 (M.D.N.C. 1988) (Prior to ruling on a motion to transfer, the Court may require discovery to

identify and refine the issues pertinent to transfer.) (citing Poncy v. Johnson & Johnson, 414

F.Supp. 551 (S.D.Fla.1976)). Venue is proper in any district in which "a substantial part of the

events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a), (b). District courts

are not concerned with whether the district chosen is the "best" venue, but only with whether it

has a substantial connection to the plaintiff's claim, regardless of whether other forums have

greater contacts. Setco Enterprises Corp. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994).

Substantiality is a qualitative inquiry as opposed to a quantitative one. Steen v. Murray,

919 F.Supp.2d 993, 996-97 (S.D. Iowa, Jan. 15, 2013). To conduct this inquiry, the Court must:

(1) consider the nature of Plaintiffs' claims and the acts or omissions underlying those claims;

and (2) determine whether substantial events or omissions material to those claims occurred in

this District. Id. (citing Catipovic v. Turley, 2012 WL 2089552, at *17–18, (N.D. Iowa June 8,

2012)). Under controlling Eighth Circuit case law, in deciding whether a substantial part of the

events or omissions giving rise to a plaintiff's claims occurred in this District, the Court focuses

only on the defendants' alleged wrongful activities. Id. at 997 (citing Woodke v. Dahm, 70 F.3d

983, 985–86 (8th Cir.1995)).

**Discussion**

In his Petition, Plaintiff claims severe and permanent burn injuries which occurred on

August 3, 2012 in Fort Worth, Texas when the compressor on the air conditioning unit he was

working on caught fire. He alleges that Scroll designed, manufactured, and sold the compressor

on the air conditioning unit which was "in a defective condition" and "unreasonably dangerous when put to a reasonably anticipated use." He further alleges that Emerson and Sensata each designed and manufactured a component part on the compressor which parts were "faulty and failed to function properly." (Petition, Doc. No. 8, General Allegations, ¶¶ 6, 8, 10-11)

Plaintiff seeks to propound written discovery on Scroll regarding, among other things, design modifications, instructions and warnings accompanying the product, alleged design defects, other incidents, quality assurance practices, government investigations, how the subject accident occurred, and expert witnesses in this litigation. (See Doc. Nos. 21-1, -2, -3) Plaintiff also seeks to depose an unspecified number of employees from Scroll's manufacturing facility in Lebanon, Missouri, or elsewhere in the state, to determine if these individuals do, in fact, have pertinent knowledge of the manufacture, assembly, design, and sale of the defective compressor and its component parts. (Doc. No. 21, p. 4)

Scroll opposes the motion, arguing that Plaintiff's requested discovery is mostly focused on substantive issues and the merits of the case as opposed to venue-related facts, and that such discovery is unnecessary because Scroll is not claiming venue is improper in Missouri. (Doc. No. 34, p. 5) Rather, Scroll contends the convenience of the parties and witnesses, as well as the interests of justice, would be better served by transfer of this action to the Northern District of Texas, where the Plaintiff resides and the accident occurred. (Id., pp. 5-6)

After careful consideration, the Court will grant Plaintiff's motion in part and permit him to conduct some *limited* discovery focused on the connections Missouri has to his claim, including the location of witnesses, third-parties, documents and evidence. The Court will also allow Plaintiff one corporate representative deposition pursuant to Fed.R.Civ.P. 30(b)(6) and two fact witness depositions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Seeking Venue-Related Discovery Subject to Motion to Remand [20] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposed scheduling plan for limited discovery of venue related facts no later than **Wednesday, October 9, 2013**.

Dated this 30th day of September, 2013.

 

 

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE